## COMBINATION FOUNTAIN CO. v. HILDEBRAND.

No. 9153—Opinion Filed Oct. 8, 1918.

(175 Pac. 553.)

(Syllabus.)

**Sufficiency of Evidence—Judgment.**

Record examined, and held, that the evidence reasonably tends to support the judgment of the trial court.

Error from County Court, Creek County; J. V. Frazier, Judge.

Replevin by the Combination Fountain Company against G. W. Hildebrand. Judgment for defendant, and plaintiff brings error. Affirmed.

John A. Maupin, for plaintiff in error.

Steele & Watkins, for defendant in error.

KANE, J. This was an action in replevin, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover possession of one combination soda water fountain. Hereafter the parties for convenience will be designated 'plaintiff" and "defendant," respect-

ively, as they appeared in the trial court.

The answer of the defendant admitted that the plaintiff was the owner of the fountain, but he claimed the right to possession thereof by virtue of a contract by the terms of which the plaintiff stored the property involved with the defendant, agreeing to pay for such storage the sum of $1 per day. The answer further alleged that said fountain had been stored with the defendant for 283 days, for which storage was due in the sum of $283, to secure which he was entitled to a lien upon the property so stored. Upon trial to the court, judgment was rendered in favor of the defendant in the sum of $75, for which sum the court held defendant was entitled to a lien on the fountain. It is to reverse this judgment that this proceeding in error was commenced.

Counsel for the plaintiff states his sole ground for reversal in his brief as follows:

"The court will readily see that there was but one point in this case, and one ground upon which the defendant could hope to recover, and that was upon his alleged contract that he claims he had with the plaintiff. He must either stand or fall on this one ground. If he has failed to prove a contract between himself and the plaintiff, he has no ground upon which to recover."

Following this statement, the evidence adduced at the trial is set out at considerable length in the brief of counsel. We have examined it all carefully, and are convinced that it reasonably tends to prove the existence of the contract set up and relied upon by the defendant as a defense to plaintiff's cause of action.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.